UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLENN TANNER,

                        Plaintiff,

v.                                                             5:11-CV-1454
                                                              (GTS/ATB)
LOWE'S HOME CTR., INC.,

                        Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

LAW OFFICE OF JAMES D. HARTT            JAMES D. HARTT, ESQ.
  Counsel for Plaintiff
70 Linden Oaks, 3rd Floor
Rochester, New York 14625

HARRIS BEACH, PLLC                           DANIEL J. MOORE, ESQ.
  Counsel for Defendants
99 Garnsey Road
Pittsford, New York 14534

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this employment discrimination action filed by Glenn Tanner ("Plaintiff") against Lowe's Home Center ("Defendant"), is Defendant's motion to dismiss this action with prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m), and Local Rule 4.1(b) of the Local Rules of Practice for this Court. For the reasons set forth below, Defendant's motion is denied.

I. **RELEVANT BACKGROUND**

   A. **Plaintiff's Claims**

   Generally, liberally construed, Plaintiff's Amended Complaint alleges that, in or about May of 2011, he was wrongfully terminated from his job at Lowe's Home Center, Inc., in Syracuse, New York, because of his age and his complaints of age discrimination. (*See generally* Dkt. No. 8 [Plf.'s Amended Compl.].)  Based on these and other factual allegations, Plaintiff claims that Defendant violated Plaintiff's following rights in the following manner: (1) his rights under the Age Discrimination in Employment Act by subjecting him to adverse conditions in employment as a result of his age; and (2) his rights under the Civil Rights Act of 1964 by terminating his employment in retaliation for his having complained about age discrimination to Defendant on numerous occasions, and for his having filed an age discrimination complaint against the Defendant. (*Id.*) Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.  (*Id.*)

   B. **Procedural History**

   On November 28, 2011, Plaintiff received a "right to sue" notice from the U.S. Equal Employment Opportunity Commission ("EEOC"), regarding his claims of discrimination.  (Dkt. No. 5.)[1]

   On December 13, 2011, Plaintiff filed his original Complaint in this action, along with a motion to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2.)

---

[1] The record in this action contains four EEOC right-to-sue notices, bearing three different dates; however, November 28, 2011, was the latest of those three dates.  (Dkt. No. 5, at 2-5.)

On December 19, 2011, the Court issued an Order that (1) granted Plaintiff's motion to proceed *in forma pauperis*, and (2) directed Plaintiff to "file" an Amended Complaint by January 20, 2012. (Dkt. No. 4.)

On January 23, 2012, and March 6, 2012, the Court granted (or partially granted) Plaintiff's requests for extensions of that filing deadline. (Text Orders filed 01/23/2012 and 03/06/2012.)

On April 2, 2012,[2] Attorney James D. Hartt filed a notice of appearance on behalf of Plaintiff. (Dkt. No. 7.)[3] On that same day, the Court granted Plaintiff a third extension of the deadline for the "fil[ing]" of his Amended Complaint. (Text Order filed 04/02/2012.)

On April 19, 2012, Plaintiff filed his Amended Complaint. (Dkt. No. 8.)

On May 29, 2012, the Court issued a Text Order accepting the Amended Complaint for filing because it was "in compliance with the 4/2/2012 Text Order," and directing the Clerk of the Court to "issue" a Summons and a General Order 25 packet. (Text Order filed 05/29/2012.) That same day, the Clerk of the Court issued a Summons and Proof of Service form. (Dkt. No. 9.) Moreover, the Clerk of the Court issued (1) a Filing Order stating, *inter alia*, that "[t]his filing order is to be *served* on all parties to the action along with the complaint or petition for removal within sixty (60) days of filing this action," and (2) a copy of the District's General

---

[2] It appears that Plaintiff had been communicating with Mr. Hartt since February of 2012. (*See, e.g.,* Dkt. No. 6 [Plf.'s Second Extension Request]; Dkt. No. 17, at 6 [attaching page "2" of Def.'s Reply Memo. of Law].)

[3] Paragraph 6 of the District's Petition for Admission to Practice states: "I . . . , being sworn, depose and say . . . [t]hat I have read, and am familiar with . . . the Local Rules and General Orders for the Northern District of New York . . . and will faithfully adhere thereto." http://www.nynd.uscourts.gov/sites/nynd/files/forms/Petition_for_Admission_to_Practice.pdf [last visited Aug. 5, 2013]. Local Rule 4.1(a) provides, in pertinent part, that "[t]he party seeking service of papers shall be responsible for arranging the service." N.D.N.Y. L.R. 4.1(a).

Order #25. (Dkt. No. 10 [emphasis added].) General Order #25 stated *inter alia*, as follows:

> When serving a Complaint or Notice of Removal, *the filing party* shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within Sixty (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

(*Id*. [emphasis added].)

On July 9, 2012, the Court issued a Text Order directing Plaintiff's counsel to file a status report by July 13, 2012, advising the Court of the status of the service of the Summons, Amended Complaint and General Order #25 upon Defendant. (Text Order filed 07/09/2012.)

On July 12, 2012, Plaintiff's counsel filed a status report stating that Defendant would be served with Summons, Amended Complaint and General Order #25 on or before July 12, 2012. (Dkt. No. 11.)

On July 25, 2012, Plaintiff's counsel filed a Proof of Service reflecting that the Summons had been served on Defendant on July 12, 2012. (Dkt. No. 12.)

### C. Parties' Briefing on Defendant's Motion

Generally, in support of its motion to dismiss, Defendant argues as follows: (1) Plaintiff's Complaint must be dismissed because he failed to serve it, or an amended version of it, on Defendant within 120 days of the granting of his motion to proceed *in forma pauperis* on December 19, 2011, as required by Fed. R. Civ. P. 4(m); (2) the aforementioned failure was not excused by (a) Plaintiff's *pro se* status (during part of that time period), (b) an assertion that Defendant has not been prejudiced by the delay, (c) an attempt by Plaintiff to file an Amended Complaint, and/or (d) an extension of the filing deadline by the Court; (3) even if Plaintiff's

4

failure to serve his original Complaint in a timely fashion could be excused, Plaintiff's Amended Complaint must be dismissed because he failed to serve it on Defendant within 60 days of its filing on April 19, 2012, as required by Local Rule 4.1(b); and (4) the dismissal of Plaintiff's Amended Complaint should be with prejudice, because Plaintiff is time barred from filing a new Complaint (in that his 90-day limitations period to file suit following receipt of a right-to-sue notice has expired). (*See generally* Dkt. No. 14, Attach. 2 [Def.'s Memo. of Law].)

Generally, in his response to Defendant's motion, Plaintiff argues as follows: (1) Plaintiff's failure to serve his Complaint, or an amended version of it, within 120 days is tantamount to excusable neglect, because (a) Plaintiff spent part of that time period trying to locate and retain counsel, and ultimately complied with the Court's deadline extension for the filing of the Amended Complaint, and (b) after appearing in this action, his reasonably believed that the Clerk of Court was going to serve the Summons, based on a Text Order directing the Clerk of the Court to "issue" a Summons, and based on the fact that Plaintiff had previously been proceeding *pro se*; and (2) moreover, Plaintiff did in fact serve Defendant with the Summons and Complaint 45 days after the Summons was generated by the Court, and only three days after being notified by the Court of non-service. (*See generally* Dkt. No. 16, Attach. 1 [Plf.'s Opp'n Memo. of Law].)

Generally, in its reply, Defendant argues as follows: (1) Defendant's motion should be granted because Plaintiff's actions as a *pro se* litigant (which were taken during only part of the relevant time period) did not merit an extension of time to serve his Complaint or Amended Complaint on Defendant; (2) Plaintiff's counsel's reason for his failure to timely effect service on Defendant, and his belief that the word "issue" meant "serve," does not constitute good cause and/or excusable neglect, which require something *more* than simple inadvertence or mistake of

5

counsel; and (3) prejudice to Defendant is not a necessary precondition to the dismissal of a Complaint for failure to effect timely service. (*See generally* Dkt. No. 17 [Def.'s Reply Memo. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. 120-Day Deadline Under Fed. R. Civ. P. 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Generally, this 120-day deadline starts running when the original complaint has been filed;[4] the fact that an amended complaint has been required by the Court due to pleading defects in the original complaint does not, in and of itself, restart the 120-day deadline. *See Jennis v. Rood*, 488 F. Supp.2d 172, 180 (N.D.N.Y. 2007) (Kahn, J.) ("Defendants now argue that Plaintiff's First Amended Complaint . . . [which had been required by the Court in order to correct the pleading defects in his original Complaint] was the controlling filing in this case as far as time limits upon service are concerned under Federal Rule of Civil Procedure 4. . . . [However,] [s]ervice should have been perfected within 120 days of the filing of the Original Complaint–the filing of the lawsuit on June 23, 2003.").

---

[4] The 120-day deadline is tolled during the pendency of a court's evaluation of a motion to proceed *in forma pauperis*. *See Williams-Guice v. Bd. of Educ. of City of Chicago,* 45 F.3d at 162, 162 (7th Cir. 1995); *Overstreet v. Tangipahoa Parish Sheriff's Office*, 06-CV-2425, 2007 WL 756440, *2 (E.D. La. Mar. 8, 2007); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004); *Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 151 (E.D. Pa.2001); *Lowery v. Carrier Corp.*, 953 F. Supp. 151, 156 (E.D. Tex. 1997).

However, the failure to serve a defective complaint within 120 days of its filing may constitute a factor to be considered in making a good-cause determination under Fed. R. Civ. P. 4(m). *Cf. Johnson v. United States*, 152 F.R.D. 87, 88-89 (E.D. La. 1993) ("Here, the original complaint named the wrong parties as defendants, and was amended on the one hundred and sixteenth day after it was filed to correct that error. The Court finds that the fact that original complaint named the wrong parties constitutes good cause for failing to serve it within 120 days. Service of the defective complaint could have been achieved, but it would have been utterly pointless. . . . [T]here is good cause for the failure to effect proper service of the original but defective complaint . . . .").

More specifically, "[c]ourts in this district generally consider three factors to determine whether there is good cause or excusable neglect–1) the existence of circumstances that made service difficult or impossible, 2) whether the plaintiff was represented by counsel, and 3) the effect of dismissal on plaintiff's claims." *Cioce v. Cnty. of Westchester*, 02-CV-3604, 2003 WL 21750052, at *4 (S.D.N.Y. July 28, 2003) (citations omitted).[5] "Although an extension of time

---

[5] *See also Astarita v. Urgo Butts & Co.*, 96-CV-6991, 1997 WL 317028, at *4-5 (S.D.N.Y. June 10, 1997) ("Plaintiff has not argued or shown that her failure to serve should be overlooked for 'good cause' or should be deemed to result from excusable neglect. Plaintiff has been represented by counsel throughout this matter. She has not claimed that she was unable to locate the individual defendants. Moreover, she does not claim that, once defendants had failed within the prescribed thirty days to execute and return the waiver of service request, she was unable to serve process. . . . . The Court is aware that applicable statutes of limitations bar the refiling of plaintiff's claims against the individual defendants. . . . However, such relief is not mandated in every case where the statute of limitations concern is raised."); *Bakal v. Ambassador Const.*, 94-CV-0584, 1995 WL 447784, at *2 (S.D.N.Y. July 28, 1995) ("Nor can plaintiff's failure to timely serve these three defendants be attributed to 'good cause' or excusable neglect. Plaintiff has not claimed that circumstances existed which would have made timely service on [Defendants ] difficult or impossible . . . . Moreover, plaintiff was represented by counsel from the beginning of this lawsuit . . . . The court recognizes that dismissal of the amended complaint as against the individual defendants will result in plaintiff's Title VII claim against them being barred by the 90-day statute of limitations contained in 42 U.S.C. § 2000e-5(f)(1) . . . . But . . . the fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss.").

to serve may be justified if the applicable statute of limitations would bar the refiled action, . . . the fact that the statute of limitations has run does not deprive the Court of the option to dismiss." *Cioce*, 2003 WL 21750052, at *4 (internal quotation marks and citations omitted).

### B. 60-Day Deadline Under Local Rule 4.1(b)

Local Rule 4.1(b) provides an additional deadline requirement:

> Upon the filing of a complaint, the Clerk shall issue to the plaintiff General Order 25 which requires, among other things, service of process upon all defendants within sixty (60) days of the filing of the complaint. This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice. In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4.

N.D.N.Y. L.R. 4.1(b).

However, the Court possesses the discretion to excuse a plaintiff's failure to serve process within this 60-day deadline, as long as the plaintiff serves process within the 120-day deadline imposed by Fed. R. Civ. P. 4(m). *See, e.g., Edsell v. Indep. Freightway*, 94-CV-0227, 1995 WL 375827, at *2-3 (N.D.N.Y. June 16, 1995) (Pooler, J.), *aff'd on other grounds*, 101 F.3d 681 (2d Cir. 1996); *Norwood v. Salvatore*, 12-CV-1025, 2013 WL 1499599, at *3 (N.D.N.Y. Apr. 10, 2013) (D'Agostino, J.). The Court should exercise this discretion if "there is any decent ground in the picture at all to explain the delay." *See* David D. Siegel, *Practice Commentary* on Fed. R. Civ. P. 4(m), C4-38, reprinted at 28 U.S.C.A Fed. R. Civ. P. 4 at 215 (West 2008).

## III. ANALYSIS

The Court begins its analysis by noting that the time it took Plaintiff to serve process in this action was 206 days–from December 19, 2011 (when Plaintiff's motion to proceed *in forma pauperis* was granted),[6] to July 12, 2012 (when Plaintiff's Amended Complaint was served). (Dkt. No. 4; Dkt. No. 12.)

As for whether facts exist justifying a determination that good cause existed to toll a portion of the 120-day service deadline under Fed. R. Civ. P. 4(m), the Court finds as follows: (1) circumstances existed making service difficult or impossible, in that Plaintiff was never issued a Summons as to his original Complaint, and he was not issued a Summons as to his Amended Complaint until May 29, 2012; (2) Plaintiff was proceeding *pro se* in this action until April 2, 2012; and (3) the practical effect of a dismissal on Plaintiff's claims would be to preclude him from reasserting them. *See, supra,* Part II.A. of this Decision and Order.

Moreover, related to the first and second facts, the Court finds that another fact exists justifying a determination that such good cause exists: the fact that the stated rationale for Plaintiff's two requests for an extension of the deadline for the filing of an Amended Complaint was his need for counsel, in order to correct the pleading defects in his original Complaint. (Dkt. No. 5 [asking for until Apr. 20, 2012, so that Plaintiff had time to "earn enough money to retain legal counsel"]; Dkt. No. 6 [asking for extension until Apr. 2, 2012, so that "Mr. Hartt, the attorney Plaintiff will retain to amend the complaint[,] will have enough time to properly amend the complaint"].)

---

[6] *See, supra,* note 4 of this Decision and Order.

This rationale appears to have been justified by (1) the fact that Plaintiff rather diligently sought assistance from both the Clerk's Office and searched for counsel (*see, e.g.,* Dkt. Nos. 5, 6), (2) the fact that Plaintiff was indeed successful in obtaining counsel (*see* Dkt. No. 7), and (3) the fact that his Amended Complaint appears improved, as compared to the original Complaint (*compare* Dkt. No. 1, at 1-6 [attaching *pro se* handwritten complaint on District's six-page form complaint for employment discrimination based upon age, dated Nov. 13, 2011] *with* Dkt. No. 6 [attaching six-page typed amended complaint, drafted by counsel, dated Apr. 19, 2012]).

Finally, the Court is persuaded by the fact that (1) once Plaintiff's counsel was reminded of his dilatoriness by the Clerk's Office, he served process within three days, and (2) Defendant has not shown, or even claimed, that it experienced any prejudice as a result of the delay in service. (*See generally* Dkt. Nos. 14, 17.)

As a result, based on the particular circumstances of this action, the Court finds that the time period between the granting of Plaintiff's first extension request (on January 23, 2012), and the expiration of the deadline for the filing of the Amended Complaint (on April 19, 2012)–87 days–should be tolled. (Text Order filed 01/23/2012; Dkt. No. 7.) The result of that tolling is to shorten the time of service in this action from 206 days to 119 days, one day short of the 120-day service deadline.

As for whether grounds exist explaining Plaintiff's failure to comply with the 60-day deadline imposed by Local Rule 4.1(b) (*see, supra,* Part II.B. of this Decision and Order), the Court finds that such ground do exist, for the reasons articulated above.

The Court emphasizes that, in reaching this determination, it relies in no way on the explanation given by counsel for his own delay (i.e., his belief that the Clerk of Court was going

to serve the Summons, based on a Text Order directing the Clerk of the Court to "issue" a Summons), which the Court finds to be wholly unreasonable, for the reasons that are obvious in the recitation of this action's procedural history. *See, supra,* Part II.B. of this Decision and Order. The Court would add only that, by the time he filed a notice of appearance in this action on April 2, 2012, Plaintiff's counsel was an experienced litigator in this District, having appeared in a half-dozen actions. *See Harrington v. Northbrook Heights Home for Adults, Inc.,* 11-CV-1277 (N.D.N.Y. filed Oct. 26, 2011); *Whalen v. City of Syracuse,* 11-CV-0794 (N.D.N.Y. filed July 12, 2011); *Marchioli v. Garland Co., Inc.,* 11-CV-0124 (N.D.N.Y. filed Feb. 3, 2011); *McAvoy v. Broome Cnty. Dept. of Pub. Transp.*, 10-CV-1572 (N.D.N.Y. filed Dec. 28, 2010); *Prusinowski v. Unifirst Corp.*, 10-CV-0939 (N.D.N.Y. filed Aug. 3, 2010); *Fitzgerald v. Land Express of New England*, 09-CV-1201 (N.D.N.Y. filed Oct. 27, 2009).

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss this action with prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m) (Dkt. No. 14) is **DENIED**, and it is further

**ORDERED** that this case is referred back to Magistrate Judge Baxter for a Rule 16 conference and the setting of pretrial scheduling deadlines.

Dated: August 14, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge